1
2
3
4
5
6
7
8

Kent F. Larsen, Esq.
Nevada Bar No. 3463
Jordan J. Butler, Esq.
Nevada Bar No. 10531
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:    (702) 252-5002
Fax:    (702) 252-5006
Email: kfl@slwlaw.com
        jjb@slwlaw.com
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

9

**IN THE UNTED STATES DISTRICT COURT**

10

**FOR THE DISTRICT OF NEVADA**

11
12
13
14
15
16
17
18
19
20

PHILIPPE LAURENT,

        Plaintiff,

v.

JPMORGAN CHASE, N.A.
and all persons unknown claiming any legal or
equitable right title, estate lien, or interest in
the property described in the complaint adverse
to Plaintiff's title, or any cloud on Plaintiff's
title thereto:
Plaintiff's title thereto;
And DOES 1-100;

        Defendants.

CASE NO.: 2:14-cv-00080-APG-VCF


**DEFENDANT JPMORGAN CHASE
BANK, N.A.'S MOTION TO AMEND
ANSWER**

21
22
23
24
25
26
27
28

      Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase"), by and through its

attorneys of record, Smith Larsen & Wixom, moves this court for an order allowing it to amend

its answer in this action.  This motion is made and based upon the memorandum of points and

. . .

. . .

. . .

Page 1 of 4

authorities (and exhibits) attached hereto, and any other matters adduced by the Court at any hearing on this motion.

DATED: July ___ 2014

SMITH LARSEN & WIXOM

By: _____
Kent F. Larsen, Esq.
Nevada Bar No. 3463
Jordan J. Butler, Esq.
Nevada Bar No. 10531
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant
JPMorgan Chase Bank, N.A

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I. INTRODUCTION AND FACTUAL BACKGROUND**

This lawsuit is a quiet title action arising from an HOA lien sale under NRS 116. Plaintiff claims title through the purchaser at the HOA sale, who subsequently deeded the property to Plaintiff. Defendant Chase is the loan servicer for the underlying debt obligation in default, which is secured by a deed of trust on the property. Chase respectfully desires to amend its initial answer filed in this matter on February 4, 2013 (Document # 4) to reflect and clarify its status as the loan servicer, and provide notice to Plaintiff of the same.

**II.     FED. R. CIV. P. 15 ALLOWS THE FILING OF AMENDED PLEADINGS, AND REQUESTS THEREFOR SHOULD BE FREELY GRANTED.**

Fed. R. Civ. P. 15 provides that, upon obtaining leave of the court, a party may amend its pleading, and that "the court should freely give leave when justice so requires." Although leave to amend is not automatic, the circumstances under which Rule 15(a) permits denial of leave to amend are limited. See, *Ynclan, v. Department of Air Force*, 943 F.2d 1388, 1391, (5th Cir. 1991). The policy favoring leave to amend has been said to be a "necessary companion to notice

Page 2 of 4

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

pleading and discovery." *Lone Star Ladies Invest. Club v. Schlotzsky's, Inc.*, 238 F.2d 363, 367 (5th Cir. 2001). Further, the policy favoring amendment is to be applied with "extreme liberality." See *Eminence Capital, LLC v. Aspeon, Inc.* 316 F.3d 1048, 1051 (9th Cir. 2003).

In the instant case, leave of court is necessary and should be freely given in order to permit Defendant to affirm its relationship with respect to the loan and deed of trust at issue sought to be extinguished by Plaintiff's quiet title action filed with this honorable court on January 16, 2014 (Document # 1). In addition, the amendment(s) will serve to put Plaintiff on notice of Chase's relationship with respect to the subject loan and deed of trust on the property for which Plaintiff seeks to quiet title. Further, no dispositive motions have been filed by either party based on the current pleadings of record, such that no prejudice will result should leave to amend be granted. Finally, the present motion, including the proposed amended pleading (attached hereto as Exhibit A), is timely and has not been filed in an effort to hinder or delay the progress of this case.

## III.   CONCLUSION

There is and will be no prejudice to Plaintiff as a result of this proposed amended pleading. In light of the foregoing, Defendant Chase requests that this Court issue its order allowing it to file its First Amended Answer to Plaintiff's Complaint.

DATED this _____ day of July, 2014.

SMITH LARSEN & WIXOM

_____
Kent F. Larsen, Esq.
Nevada Bar No. 3463
Jordan J. Butler, Esq.
Nevada Bar No. 10531
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant
JPMorgan Chase Bank, N.A

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8 day of July, 2014, a true copy of the foregoing Defendant JPMorgan Chase Bank, N.A.'S Motion to Amend Answer was served via U.S. Mail or electronically via the court's CM/ECF system, postage prepaid, to the following:

Philippe Laurent
417 Grand Augusta Lane
Las Vegas, NV  89144
and
7380 S. Eastern Avenue, Suite 124
Las Vegas, NV  89123
Attorneys for Plaintiff
(Via U.S. Mail)

*Cheryl Martiez*

an employee of Smith Larsen & Wixom

EXHIBIT - A

Kent F. Larsen, Esq.
Nevada Bar No. 3463
Jordan J. Butler, Esq.
Nevada Bar No. 10531
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:    (702) 252-5002
Fax:    (702) 252-5006
Email: kfl@slwlaw.com
        kw@slwlaw.com
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

## IN THE UNTED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PHILIPPE LAURENT,<br><br>                    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE, N.A.<br>and all persons unknown claiming any legal or<br>equitable right title, estate lien, or interest in<br>the property described in the complaint adverse<br>to Plaintiff's title, or any cloud on Plaintiff's<br>title thereto:<br>Plaintiff's title thereto;<br>And DOES 1-100;<br><br>                    Defendants. | CASE NO.: 2:14-cv-00080-APG-VCF<br><br><br>**DEFENDANT JPMORGAN CHASE<br>BANK, N.A.'S PROPOSED AMENDED<br>ANSWER TO PLAINTIFFS<br>COMPLAINT** |

Defendant JPMorgan Chase Bank, N.A., by and through its attorneys of record, Smith

Larsen & Wixom, hereby answers Plaintiff Philippe Laurent's Complaint in the above-

referenced action as follows:

1.      Answering paragraph 1, Defendant is without knowledge or information

necessary to form a belief as to the truth of the allegations.

2.      Answering paragraph 2, Defendant admits the allegations.

3.      Answering paragraph 3, Defendant states that the referenced Grant Bargain Deed, which includes a description of the subject property, is a recorded public document that speaks for itself, and denies any allegations which are contrary to or inconsistent with the Grant Bargain Deed.

4.      Answering paragraphs 4 through 7, Defendant is without knowledge or information necessary to form a belief as to the truth of the allegations.

5.      Answering paragraph 8, Defendant is without knowledge or information necessary to form a belief as to the truth of the allegations.

6.      Answering paragraph 9, Defendant avers that any interest in the property ostensibly claimed by Plaintiff's is subordinate to the first position deed of trust beneficiary.

7.      Answering paragraph 10, Defendant avers that it is the loan servicer for the underlying debt obligation secured by the deed of trust on the property, and denies the remaining allegations.

8.      Answering paragraph 11, Defendant avers that the referenced statute and case law speaks for itself, and denies any allegations which are contrary to or inconsistent with the statute and case law.

## **FIRST CAUSE OF ACTION**

## **(QUIET TITLE)**

9.      Answering paragraph 12, Defendant repeats and re-alleges its answers to the foregoing paragraphs, as though fully set forth herein.

10.     Answering paragraph 13, Defendant denies the allegations.

11.     Answering paragraph 14, Defendant denies that Plaintiff is entitled to the relief he seeks.

12.     Defendant denies all allegations of the Complaint that are not specifically admitted herein.

13.     Defendant has been required to retain the services of attorneys to defend against this action, and has been damaged thereby, and therefore is entitled to recover from Plaintiff reasonable attorney's fees and costs of suit incurred herein.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     The Complaint is barred or limited by the doctrines of estoppel, waiver, and/or release.

3.     The Complaint is barred or limited by applicable provisions of the Uniform Commercial Code, including, without limitation, those governing negotiable instruments and holders in due course.

4.     The claims are barred or limited by the doctrines of unclean hands, *in pari delicto*, and failure to do equity.

5.     Plaintiff's Complaint is barred by the applicable statutory periods of limitation, laches, or otherwise by the passage of time.

6.     The actions complained of, and the resulting damages, if any, are the result of third parties over whom Defendant has no control, and Defendant has no responsibility or liability for such parties' acts or omissions.

7.     Plaintiff is not the real party in interest.

8.     Defendant incorporates all the defenses enumerated in NRCP 8, which are incorporated for the purpose of not waiving any such defense.

9.     Plaintiff, Philippe Laurent, ATC Assessment Collection Group, as agent/trustee for Palisades Community Association, and Palisades Community Association (the

"Association"), failed to provide the defendants with all necessary notices pursuant to NRS Chapter 116, NRS Chapter 107, and/or the Declaration of Covenants, Conditions and Restrictions governing the Association, as applicable.

10.     The sale of the subject property is void, because the Board of Directors for the Association failed to provide notice and hearing pursuant to the Declaration of Covenants, Conditions and Restrictions for the Association.

11.     The sale of the subject property is void, because the Board of Directors for the Association failed to record the minutes of the meeting, if any, pursuant to NRS §§ 116.3108 and 116.31085, wherein the Board of Directors for the Association determined to foreclose upon the subject property.

12.     Plaintiff takes title, if any, to the subject property subordinate in time and right to senior interests, rights, liens, and claims in the subject property.

13.     The Association held a limited priority lien position which was subordinate to and did not extinguish the first position deed of trust.

14.     The Association failed to perfect its lien.

15.     The Association failed to comply with the applicable provisions of the Fair Debt Collections Practices Act.

16.     The Association's governing documents prohibit the sale or acquisition of assets.

17.     Defendant was not joined in the foreclosure, and therefore its rights were not extinguished.

18.     As the senior lienholder, the first position deed of trust beneficiary cannot be joined in a foreclosure action involuntarily.

19.     Plaintiff has failed to name each party necessary for full and adequate relief essential in this action.

20.     The process was insufficient in this matter.

21.     The service of process was insufficient in this matter.

22.     Plaintiff has failed to join all indispensable parties, pursuant to NRCP 19.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of its Complaint and that the Complaint be dismissed with prejudice;

2.     That Defendant be awarded reasonable attorneys' fees and costs of suit incurred therein in the defense of this action; and

3.     For such other and further relief as the Court deems just and proper.

DATED: July ___, 2014

SMITH LARSEN & WIXOM

By:_____
        Kent F. Larsen, Esq.
        Nevada Bar No. 3463
        Jordan J. Butler, Esq.
        Nevada Bar No. 10531
        1935 Village Center Circle
        Las Vegas, Nevada 89134
        Attorneys for Defendant
        JPMorgan Chase Bank, N.A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of July, 2014, a true copy of the foregoing Defendant JPMorgan Chase Bank, N.A.'S Proposed Amended Answer to Plaintiffs Complaint was served via U.S. Mail or electronically via the court's CM/ECF system, postage prepaid, to the following:

Philippe Laurent
417 Grand Augusta Lane
Las Vegas, NV  89144
and
7380 S. Eastern Avenue, #124
Las Vegas, NV  89123
Attorneys for Plaintiff
(Via U.S. Mail)


_____
an employee of Smith Larsen & Wixom