**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

PHILIPPE LAURENT,

          Plaintiff,

vs.

JPMORGAN CHASE, N.A., *et al.*,

          Defendants.

2:14–cv–00080–APG–VCF

**<u>ORDER</u>**

      This matter involves Plaintiff Philippe Laurent's quiet title action against Defendant JPMorgan Chase, *et al*. Before the court is Defendant's motion to amend its answer. (#11[1]). Plaintiff did not file an opposition. For the reasons stated below, the court grants Defendant's motion to amend.

## BACKGROUND

      On January 16, 2014, Plaintiff Philippe Laurent filed a quiet title complaint relating to a piece of real estate Laurent purchased at a foreclosure sale. (#1 at 3). Laurent alleged that Defendant asserts ownership in the property as a creditor attempting to collect on a debt owed by the previous owner. (*Id.*).

      On February 3, 2014, Defendant JPMorgan Chase filed an answer asserting that it holds the "first position deed of trust beneficiary" (#4 at 2), along with several other defenses. (#4 at 2-6). Defendant now seeks to amend its answer "to reflect and clarify its status as the loan servicer, and provide notice to Plaintiff of the same." (#11 at 2).

## LEGAL STANDARD

      Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. *See* FED. R. CIV. P 15. Where, as here, more than twenty-one days have elapsed since serving the original pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The

---

[1] Parenthetical citations refer to the court's docket.

1

court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Courts will deny leave to amend, however, if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

**DISCUSSION**

Defendant's motion to amend its answer should be granted for two reasons. First, Defendant's motion remains unopposed. Pursuant to Local Rules 7-2(b) and (d), oppositions must be filed "fourteen days after service of the motion" and that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Defendant filed its motion to amend on July 8, 2014. To date, no opposition has been filed. As such, Defendant may be deemed to have consented to the granting of the instant motion under Local Rule 7-2(d).

Second, the proposed amendments to the answer do not change the substance of the answer. The proposed amendment minimally alters paragraphs 5 and 6 of the answer and adds a new paragraph. (*See* #11 at 2). Paragraph 7, formerly paragraph 6, now states that Defendant is "the loan servicer for the underlying debt obligation secured by the deed of trust on the property" rather than "a debt collector." (*Id.*). Additionally, paragraphs 13 and 18 of the "Affirmative Defenses" section contain new language indicating that Defendant holds a deed of trust rather than a lien. (#11 at 9). These small changes appear to be a good faith effort to clarify Defendant's true position with regard to the property.

Given the reasons discussed above, it appears that no prejudice to the Plaintiff shall result from the granting the Defendant leave to amend its answer. As such, the motion to amend is granted.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant's motion to amend (#11) is GRANTED.

1   IT IS FURTHER ORDERED that, pursuant to Local Rule 15-1(b), the Defendant must file the
2   approved amended answer to Plaintiff's complaint on or before the 12th of August, 2014.
3   IT IS SO ORDERED.
4   DATED this 29th day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE